IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Gertrude C.F. Hamilton, | ) | Civil Action No. 2:18-0622-RMG |
| *a/k/a Gertrude Coretta Fennell Hamilton*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Melissa Newman, Robert S. Carr, | ) | |
| Mary Gordon Baker, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 12) recommending that the case be dismissed without prejudice. For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R as the Order of the Court, and dismisses the case with prejudice.

I.   **Background**

Plaintiff Gertrude Hamilton brings this action *pro se* against three current and former federal judiciary employees. Plaintiff claims that Magistrate Judge Mary Gordon Baker, retired Magistrate Judge Robert S. Carr and Deputy Clerk Melissa Newman "were acting within the scope of their official duties" when they deprived Plaintiff of her constitutional rights. (Dkt. No. 1 at 1.) Specifically, Plaintiff alleges that Defendants "caused Hamilton to lose two lawsuits"— which have been fully adjudicated and affirmed[1]—by issuing reports and recommendations or

---

[1] *Hamilton v. Dayco Prods., LLC*, No. 2:07-2782-PMD-RSC (D.S.C.), *aff'd* 367 Fed. Appx. 402 (4th Cir. 2010), *cert. denied* 562 U.S. 894 (20910) ("*Hamilton I*") and *Hamilton v. Murray*, No. 2:25-2085-PMD-MGB, 2015 WL 12865195 (D.S.C. Oct. 14, 2015), *aff'd* 648 Fed. Appx. 344 (4th Cir. 2016), *cert. denied* 137 S.Ct. 1225 ("*Hamilton II*").

docketing orders that allegedly "discriminated against" Plaintiff on the basis of her race or physical disability. (*Id.* at 2.)

## II. **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where the petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. **Discussion**

After thorough review of the R & R and Plaintiff's timely objections (Dkt. No. 16), the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's case should be dismissed.

First, to the extent Plaintiff's claims are brought as a motion for relief from a prior order or judgment, the motion is insufficient to survive dismissal. Specifically, if brought under Rule 60(b) the motion fails as untimely for being filed more than one year after the entry of judgment or, otherwise, within a reasonable time. *See* Fed. R. Civ. P. 60(c); *see also Wadley v. Equifax Info. Servs., LLC*, 296 Fed. Appx. 366, 368 (4th Cir. 2008) (less than two-year delay not

reasonable); *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (three-month delay not reasonable). In any event, Plaintiff's motion to correct a "fraud on the court" (Dkt. No. 1 at 3) pursuant to Rule 60(d) is frivolous because, as the Magistrate Judge correctly identified, Plaintiff's arguments lack a basis in law or fact and Plaintiff had knowledge of the facts she now raises at the time *Hamilton I* and *Hamilton II* were adjudicated and affirmed. *See, e.g., Trawick v. Med. U. of S.C.*, No. 2:16-cv-730-DCN-MGB, 2016 WL 8650132, at *7 (D.S.C. June 28, 2016) ("Even when liberally construed, Plaintiff's allegations do not amount to 'fraud on the court.' Fed. R. Civ. P. 60(d)(3). Plaintiff's allegations are conclusory and subject to summary dismissal as frivolous."); *Mayhew v. Duffy*, No. 2:14-cv-24-RMG, 2014 WL 468938, at *1 (D.S.C. Feb. 4, 2014) (court exercising its inherent authority to dismiss a frivolous case where *pro se* plaintiff filed a new action seeking to vacate a previously adjudicated case).

Second, given an appropriately liberal construction, Plaintiff's Complaint appears to bring claims under various federal and South Carolina statutes, as well as a *Bivens* claim. Each of these claims must be dismissed. For example, Plaintiff's claim under 42 U.S.C. § 1983 fails because Defendants did not act under the color of law of "any State or Territory." *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973) (noting that "actions of the Federal Government and its officers are at least facially exempt from [the statute's] proscriptions"). Judges Baker and Carr are immune from suit, including Plaintiff's *Bivens* claim, for actions taken in their judicial capacity such as issuing reports and recommendations on summary judgment and dismissal. *See, e.g., Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (noting that for claims "considered under a *Bivens* type of constitutional tort theory or . . . a violation of 42 U.S.C. § 1985, the federal judges in this case are absolutely immune from liability"); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge

is absolutely immune from a claim for damages arising out of his judicial actions."). Likewise, Defendant Newman is "a court clerk generally entitled to quasi-judicial immunity" for tasks she undertook as part of the judicial process. *Ross v. Baron*, 493 Fed. Appx. 405, 406 (4th Cir. 2012). Plaintiff's claims brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, are also insufficient to survive dismissal because "the court has no jurisdiction to hear claims asserted against federal agencies or individual federal employees." *Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006).

Last, the Magistrate Judge correctly identified that Plaintiff's claims are further subject to dismissal to the extent they are based in federal criminal statutes, because Plaintiff failed to sufficiently allege that these criminal statutes create a private right of action. *See Cort v. Ash*, 422 U.S. 66, 80 (1975) (complaint subject to dismissal where criminal statute gives "no indication that civil enforcement of any kind was available to anyone").

**IV. Conclusion**

For the foregoing reasons, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the R & R of the Magistrate Judge (Dkt. No. 12) as the Order of the Court. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 26, 2018
Charleston, South Carolina